UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMAR S. SCOTT,

                        Plaintiff,

            -against-

GEO SOUTHBAY CORRECTIONAL
FACILITY,

                        Defendant.

1:26-CV-4681 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Shamar S. Scott, of New York, New York, brings this *pro se* action invoking the court's federal question jurisdiction. He sues "GEO Southbay Correctional Facility," which appears to be the South Bay Correctional and Rehabilitation Facility, a private prison that is operated by the GEO Group, Inc., and that is located in South Bay, Palm Beach County, Florida. Plaintiff seeks damages, injunctive relief, declaratory relief, and costs. The Court construes Plaintiff's complaint as asserting claims against the GEO Group, Inc.

For the reasons set forth in this order, the Court transfers this action to the United States District Court for the Southern District of Florida.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action must be brought in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] *See* § 1391(c)(1), (2).

Under Section 1391(b)(1), (c)(2), and (d), it would appear that the GEO Group, Inc. resides in South Bay, Palm Beach County, Florida, where the abovementioned private prison is located. Palm Beach County, Florida, is located in the Southern District of Florida, *see* 28 U.S.C. § 89(c), not in this judicial district.[2] Plaintiff alleges nothing to suggest that the GEO Group, Inc. also resides within this judicial district. Thus, while it is clear that the United States District Court for the Southern District of Florida is a proper venue for this action under Section 1391(b)(1), it is not clear that this court is a proper venue for this action under that provision.

Plaintiff alleges that the events giving rise to his claims occurred at the abovementioned private prison and in the City of New York. (ECF 1, at 5.) His claims seem to arise from the

---

[1] The following provision explains, for venue purposes, with respect to States with multiple federal judicial districts, the residency of a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

alleged dissemination of private information about him, without his consent, by officials employed at that private prison. (*Id.* at 5-6, 8-10.) Plaintiff appears to allege that such unauthorized dissemination of his private information by the prison's employees caused others, who are not named as defendants in this action, including his own father, to harass him; he also alleges that the dissemination of his private information damaged his reputation, including upon his release from that prison and his relocation to the City of New York. (*See id.*) Plaintiff does not specify, however, where within the City of New York the alleged events occurred. Thus, it is possible that some of the alleged events occurred within this judicial district and/or within the Eastern District of New York.[3] It is therefore conceivable that this court—and/or the United States District Court for the Eastern District of New York—is a proper venue for this action under Section 1391(b)(2).

Because a substantial portion of the alleged events occurred at the abovementioned private prison, however, the United States District Court for the Southern District of Florida is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following 10 factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses;

---

[3] While New York County (New York City Borough of Manhattan) and Bronx County (New York City Borough of the Bronx) are within this judicial district, *see* 28 U.S.C. § 112(b), Kings County (New York City Borough of Brooklyn), Queens County (New York City Borough of Queens), and Richmond County (New York City Borough of Staten Island) are within the Eastern District of New York, *see* § 112(c).

(5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Southern District of Florida appears to be appropriate for this action. This is because the GEO Group, Inc. resides within the Southern District of Florida and because a significant portion of the alleged events took place at the abovementioned private prison within that same judicial district. Thus, it is reasonable to expect that relevant documents and witnesses would be located within that judicial district. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Florida. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court transfers this action to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

5

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 23, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge